Kumar v. Lynch

BIA
Christensen, IJ
A201 106 372

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of January, two thousand seventeen.

PRESENT:
>        GUIDO CALABRESI,
>        JOSÉ A. CABRANES,
>        RAYMOND J.LOHIER, JR.,
>             *Circuit Judges.*

_____

RAKESH KUMAR,
>        *Petitioner,*

>        v.                                      15-3000
>                                                NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:          Amy Nussbaum Gell, New York, N.Y.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy
                         Assistant Attorney General; Anthony
                         C. Payne, Assistant Director;
                         Alexander J. Lutz, Trial Attorney;
                         Lilah R. Thompson, Law Clerk, Office
                         of Immigration Litigation, United
                         States Department of Justice,
                         Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Rakesh Kumar, a native and citizen of India, seeks review of a September 16, 2015, decision of the BIA, affirming a September 18, 2014, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Rakesh Kumar,* No. A201 106 372 (B.I.A. Sept. 16, 2015), *aff'g* No. A201 106 372 (Immig. Ct. N.Y. City Sept. 18, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath,

2

and considering the circumstances under which the statements were made), . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. Substantial evidence supports the agency's determination that Kumar was not credible as to his claim that he was persecuted in India on account of his membership in the Shiromani Akali Dal Party.

The agency reasonably relied on several record inconsistencies and omissions. *See Xiu Xia Lin*, 534 F.3d at 167. Kumar omitted from his asylum application his claim that police beat him at a political rally in India, *see id.* at 166 n.3 ("[a]n inconsistency and an omission are . . . functionally equivalent."), and Kumar could not compellingly explain this omission despite multiple opportunities to do so, *see Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005).* Furthermore, Kumar's testimony and supporting affidavits were inconsistent regarding (1) whether he accompanied his father, village head, and party leaders to report the first Congress Party attack he

---

* Although we do not consider Kumar's explanation offered for the first time here, *see Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007), we are doubtful that this omission was immaterial as Kumar now contends and note that the agency "may rely on *any* inconsistency or omission" regardless of materiality so long as the adverse credibility determination is supported by the totality of the circumstances, *see Xiu Xia Lin*, 534 F.3d at 167.

purportedly suffered, (2) whether police threatened to detain them should they return to report future attacks, and (3) whether police had threatened his parents since his departure from India. *See Xiu Xia Lin*, 534 F.3d at 167. Kumar could not explain any of these inconsistencies. *See Majidi*, 430 F.3d at 80.

Having questioned Kumar's credibility, the IJ reasonably relied further on Kumar's failure to rehabilitate his claim with reliable corroborating evidence. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). As the IJ determined, many of Kumar's supporting affidavits were not credible because they were inconsistent with Kumar's testimony and with each other, *see* 8 U.S.C. § 1158(b)(1)(B)(iii), and alternatively were entitled to little weight because the authors were not available for cross-examination and some were interested parties, *see Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013).

Given the inconsistencies and lack of credible corroborating evidence, the agency's adverse credibility determination is supported by substantial evidence. 8 U.S.C.

4

§ 1158(b)(1)(B)(iii). Contrary to Kumar's position, that determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5